I concur in the result of the opinion to reverse and remand. I acknowledge its scholarly effort to deal with the aggravating circumstance issue at the sentencing hearing on remand to the trial court; but I strongly disagree with both its premise and its conclusion on this issue.
The concluding portion of the sentencing provision (§ 13-11-4) states: *Page 340 
 "If the court imposes a sentence of death, it shall set forth in writing, as the basis for the sentence of death, findings of fact from the trial and the sentence hearing, which shall at least include the following:
 "(1) One or more of the aggravating circumstances enumerated in section 13-11-6, which it finds exists in the case and which it finds sufficient to support the sentence of death; and
 "(2) Any of the mitigating circumstances enumerated in section 13-11-7 which it finds insufficient to outweigh the aggravating circumstances."
By failing to heed the plain, clear meaning of these words, the majority opinion either ignores them or superimposes its policy judgment upon the exclusive legislative prerogative. To judicially modify the Death Penalty Act to uphold its constitutionality and effectuate its express purpose is one thing; to alter its clearly defined statutory scheme, in absence of constitutional restraints, is entirely another.
Personally, I thought Beck brought us dangerously close to the "cliff's edge" in the separation of power dichotomy. Surely, the constitutional underpinning supportive of the judicial weight of Beck is lacking here; and without it, we have just cast ourselves over the brink.
TORBERT, C.J., and ADAMS, J., concur.